UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| CERTAIN PRODUCTS CONTAINING ) | Misc Action No. _____ |
| INTERACTIVE PROGRAM GUIDE ) | |
| AND PARENTAL CONTROL ) | Motion for the Issuance of Letters |
| TECHNOLOGY ) | of Request |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROVI'S MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST

Rovi Corporation, Rovi Guides, Inc., Rovi Technologies Corporation, StarSight Telecast, Inc., United Video Properties, Inc., and Index Systems, Inc. (collectively "Rovi") instituted an investigation in the United States International Trade Commission ("ITC") in order to obtain an exclusion order preventing respondents including Vizio, Inc. from importing into the United States televisions and Blu-ray players that infringe Rovi's patents. *In the Matter of Certain Products Containing Interactive Program Guide and Parental Control Technology,* Inv. No. 337-TA-845 (USITC). As part of its proof of infringement, Rovi requires source code, technical documents, and other documents and testimony regarding the way in which Vizio's products are designed and function. Vizio has identified several of its suppliers who are in possession of documents and information relevant to Rovi's proof of infringement. Rovi has served subpoenas on the suppliers identified by Vizio that are located within the United States, and also seeks to obtain documents and testimony from Vizio's foreign suppliers though Requests for International Judicial Assistance ("Letters of Request") pursuant, where applicable, [1] to

---

[1] The letters of request attached as Exhibits 1 – 4 are addressed to China, which is a

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. § 1781 ("Hague Convention"). These Letters of Request are included as Exhibits 1 – 9 to this motion. Rovi includes as Attachment A a recommendation from Administrative Law Judge David P. Shaw, the presiding ALJ in this Investigation, that this Court issue these Letters of Request. This Court recently issued similar Letters of Request on Rovi's behalf based on a similar recommendation signed by Chief Administrative Judge Charles E. Bullock in United States International Trade Commission Investigation No. 337-TA-820. *See Certain Products Containing Interactive Program Guide and Parental Controls Technology*, 12-mc-00466-BAH, slip op. at 1, (D.D.C. Sept. 10, 2012). Because these Letters of Request may properly be issued by this Court, seek evidence that is highly relevant to Rovi's proof of infringement in the ITC, and are reasonable in scope, Rovi respectfully requests that this Court issue these Letters of Request in accordance with ALJ Shaw's Recommendation. Rovi also respectfully requests that, if needed, this Court schedule a hearing to expedite issuing the attached Letters of Request so that Rovi has sufficient time to obtain the requested evidence and comply with the procedural schedule in effect in this Investigation.

## I. The Letters of Request Attached Hereto May Properly be Issued by this Court

Article 3 of the Hague Convention authorizes a judicial officer of the country from which a discovery request originates to forward a request conforming to an annexed model to the Central Authority of the country where the evidence is being sought. *See* 28

---

signatory to the Hague Convention and accepts Letters of Request under this convention's terms. The letters of request attached as Exhibits 5 – 9 are addressed to Taiwan, which is not a signatory to the Hague Convention, and therefore must be issued under Rule 28 of the Federal Rules of Civil Procedure.

U.S.C. 1781, Art. 3.  A district court may issue Letters of Request pursuant to Federal Rules of Civil Procedure 28(b) and 4(f)(2)(B).  See *Estate of Klieman v. Palestinian Auth.*, 272 F.R.D. 253 (D.D.C. 2011) (issuing Letter of Request).  When such a request is necessary in an administrative case, it may be issued by a district court under the All Writs Act, 28 U.S.C. § 1651.  *See Certain Products Containing Interactive Program Guide and Parental Controls Technology*, slip op. at 1 (granting a motion for the issuance of letters rogatory on Rovi's behalf to obtain evidence from Vizio's foreign suppliers); *Apple, Inc. v. Cambridge Silicon Radio Int'l, PLC*, 12-mc-00313-RC, Slip Op. at 2 (D.D.C. Aug. 10, 2012) (granting, pursuant to the All Writs Act, a motion for the issuance of letters of request pursuant to the Hague Convention on recommendation from an Administrative Law Judge of the ITC); United States Department of State website regarding judicial assistance, http://travel.state.gov/law/judicial/judicial_683.html.  The proposed Letters of Request that Rovi attaches as Exhibits 1 – 4 conform to the model annexed to the Hague Convention, and the proposed Letters of Request that Rovi attaches as Exhibits 5 – 9 are appropriate for issuance under Rule 28 of the Federal Rules of Civil Procedure.  The requests attached as Exhibit 1-9 may therefore properly be issued by this Court.

II.     **The Evidence Rovi Seeks through the Letters of Request is Highly Relevant to Rovi's Proof of Infringement in the ITC**

The document requests and deposition questions contained in the Letters of Request are narrowly targeted to address four specific types of evidence: (1) the source code of software and firmware installed on the accused products, (2) technical documents describing the accused functionality of the accused products, (3) evidence describing the roles that the subjects of the Letters of Request play in developing Vizio's products, and

(4) evidence necessary to authenticate and demonstrate the reliability of the evidence obtained through these Letters of Request. The deposition questions are similarly focused on obtaining testimony related to these four categories of documents. Each of these three categories of documents and testimony is highly relevant to the proof that Rovi expects to offer relating to Vizio's infringement.

First, the Letters of Request seek the source code of software and firmware installed on the accused products, along with deposition testimony describing the source code and its functionality. Through this source code and related testimony, Rovi expects to be able to demonstrate the ways in which the accused products implement the infringing features.

Second, the Letters of Request seek technical documents describing the accused functionality of the accused products. Rovi expects these technical documents to serve as proof of the way in which the software, firmware, and hardware interact in the accused products to implement the infringing features.

Third, the Letters of Request seek information regarding the roles that the subjects of the Letters of Request play in developing Vizio's products. Rovi expects that these requests will generate evidence that will assist the ITC and Rovi to analyze Vizio's infringement of Rovi's patents, Vizio's product development cycle, Vizio's importation practices, and the sufficiency of the evidence produced by the various parties from whom Rovi seeks evidence regarding the accused functionality of the accused products.

Fourth, the Letters of Request seek documents and testimony that will show that the documents produced in response to the Letters of Request are authentic and that the documents and testimony that Rovi obtains as a result of the Letters of Request are

reliable. Such evidence of authenticity and reliability is an appropriate subject of a discovery request to a non-party in the ITC. *See Certain EPROM, EEPROM, Flash Memory, and Flash Microcontroller Semiconductor Devices and Products Containing Same*, Inv. No. 337-TA-395, Order No. 116 (Feb. 9, 2004).

### III. The Letters of Request are Reasonable in Scope

The Letters of Request are reasonable in scope because they are narrowly tailored to address the specific categories of evidence that Rovi requires to prove that Vizio's products infringe the patents in suit. Vizio has represented that it is not in the possession, custody, or control of the information sought, and that such information must be obtained from these third parties. The narrow scope of these Letters of Request is therefore reasonable in light of the importance of the evidence that they seek.

### Conclusion

Because the Letters of Request attached hereto as Exhibits 1 – 9 may properly be issued by this Court, seek evidence that is highly relevant to Rovi's proof of infringement in the ITC, and are reasonable in scope, Rovi respectfully requests that this Court issue these Letters of Request in accordance with ALJ Shaw's Recommendation. Rovi also respectfully requests that, if needed, this Court schedule a hearing to expedite issuing the attached Letters of Request so that Rovi has sufficient time to obtain the requested evidence and comply with the procedural schedule in effect in this Investigation.

Respectfully Submitted,

_____
Christopher G. Paulraj (D.C. Bar # 497214)
McDermott Will & Emery LLP
500 North Capitol St., N.W.
Washington, D.C. 20001
Telephone: 202 756 8735

*Attorney for Complainants*
*Rovi Corporation, Rovi Guides, Inc., Rovi Technologies Corporation, StarSight Telecast, Inc., United Video Properties, Inc., and Index Systems, Inc.*

Dated: October 17, 2012

DM_US 39231115-1.072826.0030